# EXHIBIT B

# PLEADINGS, ANSWERS, PROCESS AND ORDERS

FILE  EDIT  HELP  DOCKET  REPORTS  CONTROL

Main Case | Parties | Events | Involvments | Settings | OCA | General

System #  CV  07-001     0  Filed  01/02/2007  Type  IDO  Status         Court  235

Events

| DATE | DESC | COMM | BOOK | PAGE |
|------|------|------|------|------|
| 01/29/2007 | ANSWER        ... | ROSE AMERICA              ... | | |
| 01/29/2007 | MOTION TO QUASH ... | DEF TRACTOR SUPPLY        ... | | |
| 01/29/2007 | ANSWER        ... | TSC INDUCTRIES           ... | | |
| 01/29/2007 | ANSWER        ... | TRACTOR SUPPLY COM OF TX ... | | |
| 01/29/2007 | ANSWER        ... | TRACTOR SUPPLY COMPANY   ... | | |
| 01/02/2007 | ORIGINAL PETITION... |                      ... | | |
| 01/02/2007 | REGULAR CITATION ... | ISD TO TRACTOR SUPPLY CO OF ... | 0 | 0 |
| 01/02/2007 | REGULAR CITATION ... | ISD TO TRACTOR SUPPLY OF GAI... | 0 | 0 |
| 01/02/2007 | REGULAR CITATION ... | ISD TO TSC INDUSTRIES INC BY... | 0 | 0 |
| 01/02/2007 | REGULAR CITATION ... | ISD TO TRACTOR SUPPLY COMPAN... | 0 | 0 |
| 01/02/2007 | REGULAR CITATION ... | ISD TO ROSE AMERICAN CORP BY... | 0 | 0 |

Print
Prnt Scrn
Payments
Narrative
Refresh
View Fees
Scan Image
View Image
View Fees

14240000

Insert

| Prior | Next | Search | Add Tran | Prior Tran - | Next Tran + | Close | Save | Delete | Add dUpe | Exit |
|-------|------|--------|----------|--------------|-------------|-------|------|--------|----------|------|
| PGUP | PGDN | | | | | END | CTL-INS | DEL | | ESCAPE |

CERTIFIED A TRUE COPY
PAT PAYNE
DISTRICT CLERK, COOKE COUNTY, TEXAS
By_____ Deputy

NO. 07-001

IN THE DISTRICT COURT
OF COOKE COUNTY, TEXAS

2007 JAN -2  AM 10: 59

DIST. CLERK - PAT PAYNE

BY_____

DEBRA BUTLER & FRED BUTLER )(
Plaintiffs )(
 )(
VS. )(
 )(
ROSE AMERICA CORPORATION, )(
D/B/A BMB TACK & TRACTOR )(
SUPPLY COMPANY, TSC )(
INDUSTRIES, INC., TRACTOR )(
SUPPLY CO OF TEXAS, LP, & )(
TRACTOR SUPPLY COMPANY OF )(
GAINESVILLE, TEXAS, all D/B/A )(
TRACTOR SUPPLY )(

IN THE DISTRICT COURT OF

COOKE COUNTY, TEXAS

235TH JUDICIAL DISTRICT

## PLAINTIFFS' ORIGINAL PETITION

TO THE COURT:

DEBRA BUTLER and husband FRED BUTLER, PLAINTIFFS file their

original petition against ROSE AMERICA CORPORATION, D/B/A BMB TACK

& TRACTOR SUPPLY COMPANY, TSC INDUSTRIES, INC., TRACTOR

SUPPLY CO OF TEXAS, LP, and TRACTOR SUPPLY COMPANY OF

GAINESVILLE, TEXAS, all D/B/A TRACTOR SUPPLY, DEFENDANTS, and

respectfully show the court.

### I.
### DISCOVERY & JURY DEMAND

1. Discovery in this case should be under Level 3, TRCP 190.4. In the event

    that the parties cannot agree on a scheduling order, this court should hold

    a hearing and enter such an order.

2. Plaintiffs hereby demand a jury trial.

PLAINTIFFS' ORIGINAL PETITION

Page 1 of 15.

## II.
## PARTIES

1. Plaintiffs are residents of Cooke County, Texas.

2. Defendant ROSE AMERICA CORPORATION,D/B/A BMB TACK (hereafter "Rose") is a foreign corporation having its principal place of business at 3100 South Meridian, Wichita, Kansas 67217.  Rose maintains a resident agent at that address, TOM HANNA.  Rose does now and has in the past done business in the State of Texas, but has not qualified to do business in Texas nor designated a registered agent for service of process, and Rose may therefore be served by service on the Texas Secretary of State, Statutory Documents Section, Citations Unit P.O. 12079, Austin, Texas 78711-2079, pursuant to Texas the Texas long arm statute, Tex. Civ. Prac. & Rem. C. sec. 17.041, et seq

3. Pursuant to Sec. 17.044 the clerk should issue duplicate citations to be served upon the Defendant by serving the Secretary of State, who shall then serve the defendant by certified or registered mail at, directed to Tom Hanna, Rose America Corporation, 3100 South Meridian, Wichita, Kansas 67217.

4. . Rose does business as BMB Tack (hereafter "BMB").Rose has specifically done the following which constitute doing business in this state:

a. Committed a tort by designing and manufacturing a defective product that is unreasonably dangerous, and shipping that product into Texas for sale in Texas proximately causing serious bodily injury to a Texas Resident.

b. Contracted by mail with Texas residents.

c. Solicited business by mail, catalogue and internet in Texas.

5. Defendant TRACTOR SUPPLY COMPANY is a Delaware corporation having its principal place of business at 200 Powell Place, Brentwood, Tennessee 37027. Said corporation does business in Texas and may be served with citation by service upon its registered agent CT Corporation System, 350 N. St. Paul Street, Dallas, Texas.

6. Defendant TSC Industries, Inc., is a Delaware Corporation having its principal place of business at 200 Powell Place, Brentwood, Tennessee 37027. Said corporation does business in Texas and may be served with citation by service upon its registered agent CT Corporation System, 350 N. St. Paul Street, Dallas, Texas.

7. Defendant TRACTOR SUPPLY CO OF TEXAS, LP is a Texas domestic limited partnership which may be served with citation by service upon its registered agent CT Corporation System, 350 N. St. Paul Street, Dallas, Texas.

8. Defendant Tractor Supply of Gainesville is an entity or assumed name having its principal place of business at 1700 North Grand Avenue, Gainesville, Texas 76240 where citation may be served upon its manager.

9. Unless the context indicates to the contrary all the Tractor Supply entities are referred to herein collectively as "TSC."

## III.
## FACTS

1. Rose, d/b/a BMB Tack designs, markets, sells and delivers various products which are placed in the stream of commerce and intended for ultimate use by the consumer, including the bridle and reins involved in the incident that resulted in serious injuries to Debra Butler.

2. Among the products designed, marketed, sold, delivered and placed in the stream of commerce by Rose d/b/a BMB are products for equine owners, user and riders.

3. In the present case Rose/BMB designed, marketed, sold, delivered and placed in the stream of commerce two horse bridles, bits and reins purchased by the Butlers shortly before January 1, 2005.  These bridles are identical save and except for the color.  One is dark brown and the other is tan or light brown.

4. The bridles were purchased at TSC Gainesville.  TSC bills itself as the place to get "the things you need out here" and directs its marketing toward those in need of products or services in the areas of tools,

vehicle maintenance, home improvement, agriculture, lawn & garden, equine care, pet care, livestock care, recreation and apparel.

5. TSC advertises and represents that its products are top quality. TSC does not just sell products. It publishes a magazine focusing on matters of interest to rural folk, or those who espouse the rural lifestyle away from the "urban bustle." TSC holds itself out as hiring store personnel with expertise in the use of the products it sells.

6. Rose/ BMB represent that "BMB products are designed by horse people for horse people with highest quality standards woven in all that we manufacture." Many TSC stores carry BMB products, and had for some time prior to January 1, 2005. Tractor Supply Store #413 is listed on BMB's website as a "custom club certified dealer."

7. When the bridles in question were purchased by the Butlers both TSC and Rose/BMA represented that by statements and conduct that the bridles were properly designed and manufactured, were free of defects, and were fit and suitable for their intended purpose, to-wit, the control of a well broken riding horse.

8. Since the bridles were brand new they were put to use by Plaintiffs in precisely the same condition as when they were manufactured and placed in the stream of commerce by Rose/ BMB, and as marketed and sold by Tractor Supply Gainesville.

9. On January 1, 2007 plaintiff Debra Butler, an experienced rider, saddled

and bridled her horse. She used the lighter colored of the identical bridles that had been purchased. This was the very first use the bridle had been put to since its purchase.

10. Debra's horse was purchased from a reputable and experienced horseman and trainer. The horse was gentle and had been ridden many times without incident.

11. The day was bright, sunny and warm for January. Debra mounted the horse and rode a short distance. The horse did not appear to be nervous and he behaved appropriately to Debra's commands initiated by her slight pressure on the reins.

12. Suddenly a small animal ran out of the grass and directly in front of the horse. The horse began to buck as even the most gentle and well behaved animals will when startled or frightened. Debra was not unduly alarmed when the bucking began as she knew from long experience how to control and stop a bucking horse. She pulled hard on the right rein, pulling the animal's head sharply back to the right. She had the horse nearly under control. She was well seated with her feet in the stirrups and her weight leaning back to put sufficient pressure on the horse to turn his head to the right and stop the bucking.

13. Without warning the right rein came off the bit. Because her weight was back the effect was similar to pulling a chair out from under someone who is in the process of sitting. Debra fell off the horse

backwards.  She hit her head and received serious, life threatening injuries.  These injuries were painful and permanent, including a diffuse brain injury which has severely impaired her memory, particularly her short term memory and has resulted in a personality change.

14. As will be stated with more detail hereafter, but for the sudden separation of the rein from the bit Debra would not have been thrown and injured.  The rein separated from the bit because it was improperly designed, manufactured, sold and marketed by Rose/ BMB.  These design, manufacturing and marketing defects existed at the time the product was placed in the stream of commerce by Rose/ BMB, and reached the Butlers, the ultimate consumers, in unchanged condition.

15. The rein separated from the bit because the same was improperly forwarded down the stream of commerce by TSC with the existing design, manufacturing, and marketing defects, and TSC improperly marketed and sold this defective product to Plaintiffs. Supply sold and delivered the product to the Butlers, the ultimate user in unchanged condition from its manufacture and deliver by Rose/ BMB.

16. At the time of the incident Debra Butler was using the product in a proper manner that was reasonably foreseeable by the defendants.

17. As designed, manufactured, marketed and sold by defendants the product was unreasonably dangerous for the reasons hereafter stated.

18. The Plaintiffs did not know of the defective and dangerous condition of

the bridle.

19. The condition of the bridle was substantially the same and unchanged from the time it was placed in the stream of commerce by Rose/ BMB and sold by Defendant TSC until the time it caused Plaintiff's injury.

20. The Defendants, and each of them, knew or reasonably should have known that the bridle was unreasonably dangerous due to its defective condition, and that the said bridle would reach and be used by consumers in the condition in which it was manufactured and that it would be used without inspection for defects.

21. The design is defective in that the assembly mechanism which fits between the ring on the shank of the bridle is attached to the rein by a thin piece of rawhide which is likely to break if pulled on with enough pressure to sharply turn the head of a bucking horse. The design makes the bridle unreasonably dangerous when used in its intended and foreseeable manner.

22. The manufacture of the product is defective in that an inferior grade of rawhide leather was used to attach the rein to the piece of leather that connects it to the bridle. The leather used can be separated by being pulled on by the bare hands of a man or woman of ordinary strength. The leather was not strong enough to withstand the hard pull needed to stop a bucking horse. The weak leather used to connect the rein to the short piece of leather that connects to the bridle makes the bridle

unreasonably dangerous when used in its intended and foreseeable manner. A fair analogy is using a piece of bailing wire or twine to connect two links in the middle of a chain.

23. The marketing defect was in failing to warn the plaintiffs of the defective "weak link" design and manufacture of the bridle. Defendants knew or should have known of the defects. Defendants knew or should have known that Plaintiffs would use the bridle without inspecting for such defects.

24. All defendants had ample opportunity to test the bridle and reins before selling them to Plaintiffs.

## IV.
## STRICT LIABILITY—DESIGN DEFECT

1. Plaintiffs incorporate the allegations of Paragraph III.

2. Defendant Rose America Corporation d/b/a BMB Tack is strictly liable in tort to Plaintiffs because Rose/ BMB is engaged in the business of designing the bridle in question.

3. Defendant Rose America Corporation d/b/a BMB Tack is strictly liable in tort to Plaintiffs because Rose/ BMB owed a duty to the plaintiffs to exercise reasonable care in the design of the product.

4. The defendant breached this duty.

5. The defendant's breach of duty was a proximate cause of the plaintiffs' injuries.

PLAINTIFFS' ORIGINAL PETITION

## V.
## STRICT LIABILITY—MANUFACTURING DEFECT

1. Plaintiffs incorporate the allegations of Paragraph III.

2. Defendant Rose America Corporation d/b/a BMB Tack is strictly liable in tort to Plaintiffs because Rose/ BMB is engaged in the business of manufacturing the bridle in question.

3. Defendant Rose America Corporation d/b/a BMB Tack is strictly liable in tort to Plaintiffs because Rose/ BMB owed a duty to the plaintiffs to exercise reasonable care in the manufacture of the product.

4. The defendant breached this duty.

5. The defendant's breach of duty was the proximate cause of a plaintiffs' injuries.

## VI.
## STRICT LIABILITY—MARKETING DEFECT

1. Plaintiffs incorporate the allegations of Paragraph III.

2. Defendant Rose America Corporation d/b/a BMB Tack is strictly liable in tort to Plaintiffs because Rose/ BMB is engaged in the business of marketing the bridle in question.

3. Defendant Rose America Corporation d/b/a BMB Tack is strictly liable in tort to Plaintiffs because Rose/ BMB owed a duty to the plaintiffs to exercise reasonable care in the marketing of the product.

4. The defendant breached this duty by failing to properly test and inspect the product before placing it in the stream of commerce, and in failing to warn

that the product as designed and manufactured would not be suitable for
applying the force necessary to stop a bucking horse.

5. The defendant's breach of duty was a proximate cause of the plaintiffs'
injuries.

## VII.
## STRICT LIABILITY—MARKETING DEFECT

1  Plaintiffs incorporate the allegations of Paragraph III.

2  Defendant TSC strictly liable in tort to Plaintiffs because TSC is engaged in
the business of marketing the bridle in question.

3  Defendant TSC is strictly liable in tort to Plaintiffs because TSC owed a
duty to the plaintiffs to exercise reasonable care in the marketing of the
product.

4  The defendant breached this duty by failing to properly test and inspect the
product before selling it to plaintiffs, and in failing to warn that the product
as designed and manufactured would not be suitable for applying the force
necessary to stop a bucking horse.

5  The defendant's breach of duty was a proximate cause of the plaintiffs'
injuries.

## VII.
## NEGLIGENCE

1. Plaintiffs incorporate the allegations of Paragraph III.

2. Defendant Rose/ BMB and TSC, individually and collectively were
negligent in each and all of the following particulars:

a. In designing a bridle that was unreasonably dangerous for its intended use when an ordinary and prudent bridle designer would not have done so.

b. In manufacturing a bridle that was unreasonably dangerous for its intended use when an ordinary and prudent bridle manufacturer would not have done so.

c. In marketing and selling a bridle which they knew or should have known was unreasonably dangerous for its intended purpose.

d. In failing to warn plaintiffs of the dangerously weak "link in the chain" when a reasonably prudent bridle marketer would have done so.

e. In failing to employ one of several safe and suitable designs in making the bridle when such designs were well known in the industry, particularly when defendants knew, or in the exercise of ordinary care should have known to do so.

f. In failing to properly test and inspect the product before selling it to plaintiffs, when a reasonable and prudent manufacturer and seller would have so done in the exercise of ordinary care.

3. The defendants' negligent conduct, jointly and severally, singularly and collectively, was a proximate cause of the plaintiffs' injuries and damages.

## VIII.
### DAMAGES--DEBRA

1. Plaintiff Debra Butler has sustained severe, painful, permanent injuries. She sustained a concussion and was in a coma for many days.

2. She sustained many painful bruises, abrasions and cuts;

3. She sustained permanent brain damage. She has a tremendous deficit in memory loss, particularly short term memory.

4. She cannot remember simple but vital things, many of which place her in danger.

5. She has lost the ability to communicate effectively with her loved ones.

6. She has a virtual total loss of earning capacity.

7. She has sustained an altered personality which makes it difficult for her to get along with family and friends. She has an uncontrollable temper due to the brain damage and the frustration of being unable to function as she did in the past.

8. She has sustained reasonable and necessary medical bills in the past in excess of $100,000.00, and she will sustain substantial medical bills and bills for counseling in the future.

9. She has sustained excruciating physical pain and mental anguish in the past, and will continue to sustain the same in the future.

10. Her damages far exceed the minimum jurisdictional limits of this court.

## VIII.
## DAMAGES—FRED

1. Fred Butler was present when the accident occurred. He witnessed most of

the events.

2.  Fred had to deal with the nightmare of his wife's fall, her unconscious state, and the efforts to get her to a trauma care center which was capable of saving her live and dealing with brain injuries.

3.  As a result Fred suffered a great shock of a direct emotional impact from the sensory and contemporaneous observance of the accident and its immediate aftermath.

.4.  The defendants' tortuous conduct negligently inflicted serious and near fatal injuries to his wife.

5.  In addition he sustained in the past and will continue to sustain in the future severe mental anguish and emotional distress because the brain damage has left Debra a truly different woman with a different and less pleasant personality than that of the woman he married resulting in a loss or consortium.

6.  Because Debra cannot function as before Fred has sustained a substantial loss of her household duties.

7.  As Debra's husband, Fred has also incurred great expense for necessary medical care and will continue to sustain these expenses in the future.

8.  All these losses to Fred were proximately caused by the tortuous and negligent conduct of Defendants, and each of them, and Fred is entitled to recover his damages for same.

9.  These damages far exceed the minimum jurisdictional limits of this court

## PRAYER

Plaintiffs pray that defendants be cited to appear and answer herein and that

upon trial of this cause Plaintiff have judgment for their damages and costs of

court and for such other relief to which they may be justly entitled.

Respectfully submitted,

THE WHITTEN LAW FIRM
218 N. Elm Street
Denton, Texas 76201
(940) 383-1618; Metro (972) 434-3833
FAX: (940) 898-0196

MICHAEL J. WHITTEN
State Bar No. 21392000
Attorney for Defendants

CLERK OF THE COURT
PAT PAYNE
COOKE COUNTY COURTHOUSE
100 S. DIXON
GAINESVILLE, TX 76240



ATTORNEY FOR PLAINTIFF(s)
WHITTEN MICHAEL J.
THE WHITTEN LAW FIRM, P.C.
218 N. ELM STREET
DENTON, TX 76201-

# REGULAR CITATION

THE STATE OF TEXAS

TO:
ROSE AMERICA CORPORATION DBA
BMB TACK BY SERVING TOM HANNA AGENT, 3100 SOUTH MERIDIAN, WICHITA, KANSAS 67217
BY SERVING THE TEXAS SECRETARY OF STATE, STATUTORY DOCUMENTS SECTION, CITATIONS UNIT
P.O. 12079, AUSTIN, TEXAS 78711-2079

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, at or before ten o'clock A.M. of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the Honorable District of COOKE County, Texas. Said petition was filed on the _2_ DAY OF JANUARY, 2007 in this case, numbered 07-001 on the docket of said Court, and styled,

DEBRA BUTLER & FRED BUTLER, Plaintiff(s)
vs.
ROSE AMERICA CORPORATION, ET AL, Defendant(s)

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at GAINESVILLE, Texas this the 2nd day of January, 2007.

PAT PAYNE, District Clerk
235TH DISTRICT COURT
COOKE County, Texas

RECEIVED
SECRETARY OF STATE

JAN - 8 2007

11:00 AM
CITATIONS UNIT

By: _____
                                Deputy

130768

## SHERIFF'S RETURN

Came to hand on the ____ day of _____, 20 07, at 1:00 o'clock P.m., and executed on the _____ day of _____, 20__, at ____ o'clock __.m., at _____ _____ in _____ County, _____ by delivering to each of the within-named defendant(s), in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying times and places to-wit:

| Name | Day/Month/Year | Hour/Minute | Place, Course, and Distance from Court House |
|---|---|---|---|
| BMB ROSE AMERICA CORP DBA | | | |
| BMB JACK BY SERVING   TOM HANNA, AGENT | | | |

Not executed for the following reasons:
_____
_____

Information received as to the whereabouts of the said defendant ____ being
_____
_____

I am a disinterested person competent to make oath of the fact.

I actually and necessarily traveled _____ miles in the service of this Writ in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

FEES:  Serving — cop—— $_____
       Mileage ___ miles— $_____
              Total—— $_____

Subscribed and sworn to _____ before me, the undersigned authority, this the _____ day of _____, 20____, at ____ o'clock __.m.

_____, Sheriff/Constable
_____ County,
State of _____
By _____ Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____
_____ on the ____ day of _____, 20____, at ____ o'clock __.m. this copy of this instrument.

_____, Sheriff/Constable
_____ County,
State of _____
By _____, Deputy

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
01/04/2007
Log Number 511782460

**TO:**     Joel Cherry, General Counsel
Tractor Supply Company
200 Powell Place
Brentwood, TN, 37027

**RE:**     **Process Served in Texas**

**FOR:**    TRACTOR SUPPLY COMPANY (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Debra Butler & Fred Butler, Plfts. vs. Rose America Corporation, etc., et al. including Tractor Supply Company, Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Return Form, Original Petition |
| **COURT/AGENCY:** | 235th Judicial District Court, Cooke County, TX<br>Case # 07001 |
| **NATURE OF ACTION:** | Product Liability Litigation – Defective design, manufacturing, marketing and selling of bridle and reins involved in the incident that resulted in personal injuries to Debra Butler |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/04/2007 at 12:55 |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next after the expiration of 20 days after date of service |
| **ATTORNEY(S) / SENDER(S):** | Michael J. Whitten<br>The Whitten Law Firm<br>218 N. Elm Street<br>Denton, TX, 76201<br>940/383-1618 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day, 798578469850 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Beatrice Casarez<br>350 North St. Paul Street<br>Dallas, TX, 75201<br>214-932-3601 |

Page 1 of  1 / SD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

edenTechnologies, Inc. - Austin, TX

ciperserv.nex

CLERK OF THE COURT
PAT PAYNE
COOKE COUNTY COURTHOUSE
100 S. DIXON
GAINESVILLE, TX 76240



ATTORNEY FOR PLAINTIFF(s)
WHITTEN MICHAEL J.
THE WHITTEN LAW FIRM, P.C.
218 N. ELM STREET
DENTON, TX 76201-

# REGULAR CITATION

THE STATE OF TEXAS

TO:
TRACTOR SUPPLY COMPANY
200 POWELL PLACE, BRENTWOOD, TENNESSEE 37027
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM, 350 N ST PAUL STREET, DLLAS, TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, at or before ten o'clock A.M. of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the Honorable District of COOKE County, Texas. Said petition was filed on the __2__ DAY OF JANUARY, 2007 in this case, numbered 07-001 on the docket of said Court, and styled,

DEBRA BUTLER & FRED BUTLER, Plaintiff(s)
vs.
ROSE AMERICA CORPORATION, ET AL, Defendant(s)

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at GAINESVILLE, Texas this the 2nd day of January, 2007.

PAT PAYNE, District Clerk
235TH DISTRICT COURT
COOKE County, Texas

By: _Suton_
Deputy

mlooTechnologies, Inc. - Austin, TX

*e3pserserver*

## SHERIFF'S RETURN

Came to hand on the _2nd_ day of _Jan_____, 20 _07_, at _100_ o'clock _P_.m., and executed on the
_____ day of _____, 20____, at _____ o'clock ___.m., at
_____, in _____ County,
_____ by delivering to each of the within-named defendant(s), in person, a true copy of this Citation, having
first endorsed thereon the date of delivery, together with the accompanying times and places to-wit:

| Name | Day/Month/Year | Hour/Minute | Place, Course, and Distance from Court House |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

Not executed for the following reasons: _____
_____

Information received as to the whereabouts of the said defendant ___ being
_____

I am a disinterested person competent to make oath of the fact.

I actually and necessarily traveled _____ miles in the service of this Writ in addition to any other mileage I may have traveled
in the service of other process in the same case during the same trip.

FEES:  Serving --- cop----- $_____
     Mileage ___ miles— $_____
          Total---- $_____

Subscribed and sworn to _____ before me, the undersigned authority, this the
_____ day of _____, 20____, at _____ o'clock ___.m.

_____, Sheriff/Constable
_____ County,
State of _____
By_____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,
_____ on the _____ day of _____, 20____, at _____ o'clock
___.m. this copy of this instrument.

_____, Sheriff/Constable
_____ County,
State of _____
By_____, Deputy

**·CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
01/04/2007
Log Number 511782413



**TO:**   Joel Cherry, General Counsel
Tractor Supply Company
200 Powell Place
Brentwood, TN, 37027

**RE:**   **Process Served in Texas**

**FOR:**   TSC Industries, Inc. (Former Name) (Domestic State: DE)
TRACTOR SUPPLY COMPANY (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Debra Butler & Fred Butler, Plffs. vs. Rose America Corporation, etc., et al. including TSC Industries, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Return Form, Original Petition |
| **COURT/AGENCY:** | 235th Judicial District Court, Cooke County, TX<br>Case # 07001 |
| **NATURE OF ACTION:** | Product Liability Litigation - Defective design, manufacturing, marketing and selling of bridle and reins involved in the incident that resulted in personal injuries to Debra Butler |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/04/2007 at 12:55 |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next after the expiration of 20 days after date of service |
| **ATTORNEY(S) / SENDER(S):** | Michael J. Whitten<br>The Whitten Law Firm<br>218 N. Elm Street<br>Denton, TX, 76201<br>940/383-1618 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day, 798578469850 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Beatrice Casarez<br>350 North St. Paul Street<br>Dallas, TX, 75201 |
| **TELEPHONE:** | 214-932-3601 |

Page 1 of  1 / SD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

CLERK OF THE COURT
PAT PAYNE
COOKE COUNTY COURTHOUSE
100 S. DIXON
GAINESVILLE, TX 76240



ATTORNEY FOR PLAINTIFF(s)
WHITTEN MICHAEL J.
THE WHITTEN LAW FIRM, P.C.
218 N. ELM STREET
DENTON, TX 76201-

## REGULAR CITATION

THE STATE OF TEXAS

TO:
TSC INDUSTRIES, INC
200 POWELL PLACE, BRENTWOOD, TENNESSEE 37027
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM, 350 N ST PAUL STREET, DALLAS,
TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days
after you were served this citation and petition, a default judgment may be taken against you."

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, at or before ten o'clock A.M.
of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the Honorable District
of COOKE County, Texas. Said petition was filed on the  2   DAY OF JANUARY, 2007 in this case, numbered 07-001 on
the docket of said Court, and styled,

DEBRA BUTLER & FRED BUTLER, Plaintiff(s)
vs.
ROSE AMERICA CORPORATION, ET AL, Defendant(s)

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and
made a part hereof.

   The officer executing this writ shall promptly serve the according to requirements of law, and the mandates thereof, and make
due return as the law directs.

   Issued and given under my hand and seal of said Court at GAINESVILLE, Texas this the 2nd day of January, 2007.

PAT PAYNE, District Clerk
235TH DISTRICT COURT
COOKE County, Texas

By: _Du-loma_____
                    Deputy

eipanorexret                                                                                          edocTechnologies, Inc. - Austin, TX

# SHERIFF'S RETURN

Came to hand on the __2nd__ day of ___Jan___, 20 _07_, at _1 00_ o'clock __P__.m., and executed on the
_____ day of _____, 20____, at _____ o'clock ___.m., at
_____, in _____ County,
_____ by delivering to each of the within-named defendant(s), in person, a true copy of this Citation, having
first endorsed thereon the date of delivery, together with the accompanying times and places to-wit:

| Name | Day/Month/Year | Hour/Minute | Place, Course, and Distance from Court House |
|------|----------------|-------------|----------------------------------------------|
|      |                |             |                                              |
|      |                |             |                                              |
|      |                |             |                                              |
|      |                |             |                                              |

Not executed for the following reasons:

_____
_____

Information received as to the whereabouts of the said defendant ____ being

_____
_____

I am a disinterested person competent to make oath of the fact.

I actually and necessarily traveled _____ miles in the service of this Writ in addition to any other mileage I may have traveled
in the service of other process in the same case during the same trip.

FEES:  Serving — cop---- $_____
       Mileage ___ miles-- $_____
              Total---- $_____

Subscribed and sworn to _____ before me, the undersigned authority, this the
_____ day of _____, 20____, at _____ o'clock ___.m.

_____, Sheriff/Constable
_____ County,
State of _____
By _____, Deputy

# CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,
_____ on the _____ day of _____, 20____, at _____ o'clock
___.m. this copy of this instrument.

_____, Sheriff/Constable
_____ County,
State of _____
By _____, Deputy

CLERK OF THE COURT
PAT PAYNE
COOKE COUNTY COURTHOUSE
100 S. DIXON
GAINESVILLE, TX 76240



ATTORNEY FOR PLAINTIFF(s)
WHITTEN MICHAEL J.
THE WHITTEN LAW FIRM, P.C.
218 N. ELM STREET
DENTON, TX 76201-

# REGULAR CITATION

THE STATE OF TEXAS

TO:
TRACTOR SUPPLY CO OF TEXAS, LP
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
350 N ST. PAUL STREET, DALLAS, TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, at or before ten o'clock A.M. of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the Honorable District of COOKE County, Texas. Said petition was filed on the ___2__ DAY OF JANUARY, 2007 in this case, numbered 07-001 on the docket of said Court, and styled,

DEBRA BUTLER & FRED BUTLER, Plaintiff(s)
vs.
ROSE AMERICA CORPORATION, ET AL, Defendant(s)

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at GAINESVILLE, Texas this the 2nd day of January, 2007.

PAT PAYNE, District Clerk
235TH DISTRICT COURT
COOKE County, Texas

By: _____
                                    Deputy

cdocTechnologies, Inc. - Austin, TX

## SHERIFF'S RETURN

Came to hand on the _2nd_ day of _____, 20 _07_, at _1:00_ o'clock __.m., and executed on the
_____ day of _____, 20___, at _____ o'clock __.m., at _____
_____, in _____, County,
_____ by delivering to each of the within-named defendant(s), in person, a true copy of this Citation, having
first endorsed thereon the date of delivery, together with the accompanying times and places to-wit:

Name                    Day/Month/Year    Hour/Minute    Place, Course, and Distance from Court House
_____
_____
_____
_____

Not executed for the following reasons:

_____
_____

Information received as to the whereabouts of the said defendant ___ being

_____
_____

I am a disinterested person competent to make oath of the fact.

I actually and necessarily traveled _____ miles in the service of this Writ in addition to any other mileage I may have traveled
in the service of other process in the same case during the same trip.

FEES:  Serving --- cop---- $_____
       Mileage ___ miles-- $_____
              Total----- $_____

Subscribed and sworn to _____ before me, the undersigned authority, this the
_____ day of _____, 20_____, at _____ o'clock __.m.

_____, Sheriff/Constable
_____ County,
State of _____
By_____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____
_____ on the _____ day of _____, 20_____, at _____ o'clock
__.m. this copy of this instrument.

_____, Sheriff/Constable
_____ County,
State of _____
By_____, Deputy

CLERK OF THE COURT
PAT PAYNE
COOKE COUNTY COURTHOUSE
100 S. DIXON
GAINESVILLE, TX 76240



ATTORNEY FOR PLAINTIFF(s)
WHITTEN MICHAEL J.
THE WHITTEN LAW FIRM, P.C.
218 N. ELM STREET
DENTON, TX 76201-

## REGULAR CITATION

THE STATE OF TEXAS

TO:
TRACTOR SUPPLY OF GAINESVILLE
BY SERIVNG ITS MANAGER
1700 NORTH GRAND AVENUE, GAINESVILLE, TEXAS 76240

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, at or before ten o'clock A.M. of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the Honorable District of COOKE County, Texas. Said petition was filed on the _2_ DAY OF JANUARY, 2007 in this case, numbered 07-001 on the docket of said Court, and styled,

DEBRA BUTLER & FRED BUTLER, Plaintiff(s)
vs.
ROSE AMERICA CORPORATION, ET AL, Defendant(s)

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at GAINESVILLE, Texas this the 2nd day of January, 2007.

PAT PAYNE, District Clerk
235TH DISTRICT COURT
COOKE County, Texas

By: _Deputy_

# SHERIFF'S RETURN

Came to hand on the _2nd_ day of _Jan_____, 20_07_, at _1:00_ o'clock _P_.m., and executed on the _3rd_ day of _Jan_____, 20_07_, at _10:00_ o'clock _A_.m., at _____, in _____ County, _____ by delivering to each of the within-named defendant(s), in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying times and places to-wit:

| Name | Day/Month/Year | Hour/Minute | Place, Course, and Distance from Court House |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

Not executed for the following reasons:

_____

Information received as to the whereabouts of the said defendant ___ being

_____

I am a disinterested person competent to make oath of the fact.

I actually and necessarily traveled _____ miles in the service of this Writ in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

FEES:  Serving --- cop----- $_____
   Mileage ___ miles-- $_____
     Total---- $_____

Subscribed and sworn to _____ before me, the undersigned authority, this the _____ day of _____, 20_____, at _____ o'clock ___.m.

_____, Sheriff/Constable
_____ County,
State of _____
By _____, Deputy

# CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____ on the _____ day of _____, 20_____, at _____ o'clock ___.m, this copy of this instrument.

_____, Sheriff/Constable
_____ County,
State of _____
By _____, Deputy

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
01/04/2007
Log Number 511781880



**TO:**  Joel Cherry, General Counsel
Tractor Supply Company
200 Powell Place
Brentwood, TN, 37027

**RE:**  **Process Served in Texas**

**FOR:**  Tractor Supply Co. of Texas, LP (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Debra Butler & Fred Butler, Plfts. vs. Rose America Corporation, etc., et al. including Tractor Supply Co. of Texas, LP, Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Return Form, Original Petition |
| **COURT/AGENCY:** | 235th Judicial District Court, Cooke County, TX<br>Case # 07001 |
| **NATURE OF ACTION:** | Product Liability Litigation - Defective design, manufacturing, marketing and selling of bridle and reins involved in the incident that resulted in personal injuries to Debra Butler |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/04/2007 at 12:55 |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next after the expiration of 20 days after date of service |
| **ATTORNEY(S) / SENDER(S):** | Michael J. Whitten<br>The Whitten Law Firm<br>218 N. Elm Street<br>Denton, TX, 76201<br>940/383-1618 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day, 798578469850 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Beatrice Casarez<br>350 North St. Paul Street<br>Dallas, TX, 75201<br>214-932-3601 |

Page 1 of  1 / SD

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of the package only, not of its contents.

CAUSE NO. 07-001

FILED IN DISTRICT COURT
COOKE COUNTY, TEXAS

2007 JAN 29 PM 2: 11

DIST. CLERK-PAT PAYNE

DEPUTY

| | | |
|---|---|---|
| DEBRA BUTLER & FRED BUTLER | § | IN THE DISTRICT COURT OF |
| Plaintiffs | § | |
| | § | |
| v. | § | |
| | § | COOKE COUNTY, TEXAS |
| ROSE AMERICA CORPORATION, | § | |
| D/B/A BMB TACK & TRACTOR | § | |
| SUPPLY COMPANY, TSC INDUSTRIES, | § | |
| INC. TRACTOR SUPPLY CO. OF TEXAS | § | |
| LP, & TRACTOR SUPPLY COMPANY OF | § | |
| GAINESVILLE, TEXAS all D/B/A | § | |
| TRACTOR SUPPLY | § | 235TH JUDICIAL DISTRICT |

## DEFENDANT ROSE AMERICA CORPORATION
## D/B/A BMB TACK'S ORIGINAL ANSWER

TO SAID HONORABLE COURT:

Rose America Corporation d/b/a BMB Tack ("Rose America"), one of the Defendants herein,

submits the following Original Answer, showing to the Court as follows:

### SPECIAL EXCEPTION

### I.

Rose America specially excepts to Plaintiffs' allegation that Plaintiffs have been damaged

in an amount "in excess of the minimum jurisdictional limits of the Court." Per Rule 47 of the Texas

Rules of Civil Procedure, Plaintiffs should be directed to specify the maximum amount claimed.

### GENERAL DENIAL

### II.

Subject to such stipulations and admissions as may be hereafter made, Rose America hereby

enters a general denial as to all claims and causes of action asserted against it, as is permitted by Rule

92 of the Texas Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

### III.

Pleading further, and in the alternative, Rose America alleges that Debra Butler's failure to exercise ordinary care proximately caused or proximately contributed to cause the occurrence, injuries, and damages alleged in the pleadings.  Pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code, Butler's percentage of responsibility causing or contributing to cause in any way the harm for which recovery of damages is sought should be assessed by the trier of fact, and any damages awarded should be reduced accordingly.

### IV.

Pleading further, and in the alternative, Rose America alleges that the conduct (including negligent conduct) of others for whom it is not responsible, proximately caused or proximately contributed to cause the occurrence, injuries, and damages alleged in the pleadings.  Pursuant to the provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, the  percentage of responsibility of others whose conduct proximately caused or proximately contributed to cause in any way the harm for which recovery of damages is sought should be assessed by the trier of fact, with any damages ultimately awarded reduced accordingly.

### V.

Pleading further, and in the alternative, Rose America alleges that all or a portion of the Plaintiffs' claims and causes action are barred by limitations.

### VI.

Pleading further, and in the alternative, Rose America alleges the defense of assumption of the risk.

## VII.

Pleading further, and in the alternative, Rose America alleges the defense of act of God/Nature.

## VIII.

Pleading further, and in the alternative, Rose America alleges that a new and independent cause, not reasonably foreseeable, and of a separate and independent agency, produced the occurrence, injuries and damages alleged, and thereby was the immediate cause of such occurrence, injuries and damages.

## IX.

Pleading further, and in the alternative, Rose America alleges that the acts or omissions of other parties and instrumentalities, over whom it had no control and over which it exercised no control, proximately caused, proximately contributed to cause, and/or constitute the sole proximate cause of the occurrence, injuries, and damages alleged in the pleadings.

## RESERVATION OF RIGHT TO AMEND

## X.

Pursuant to Rule 63 of the Texas Rules of Civil Procedure, Rose America respectfully requests and reserves the right to amend this pleading.

## PRAYER

For the above reasons, Rose America, Inc. prays that its special exception be sustained, that upon final hearing judgment be rendered that the Plaintiffs recover nothing of and from it, for all of the relief set forth in this pleading, for all costs of court, and for any other relief to which it may be entitled.

Respectfully submitted,

BISHOP & HUMMERT
A Professional Corporation

BY: _____

E. Thomas Bishop
State Bar No. 02354800
C. Douglas Calvert
State Bar No. 03667500
1600 Premier Place
5910 N. Central Expressway
Dallas, TX  75206
Telephone:  (214) 987-8181
Facsimile: (214) 987-8180

ATTORNEYS FOR DEFENDANT
ROSE AMERICA CORPORATION D/B/A
BMB TACK

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon

Michael J. Whitten, The Whitten Law Firm, P.C., 218 N. Elm Street, Denton, TX 75201 on this

_26_ day of January, 2007.

_____

E. THOMAS BISHOP

CAUSE NO. 07-001

FILED IN DISTRICT COURT
COOKE COUNTY, TEXAS

2007 JAN 29  PM 2: 10

DIST. CLERK / PAT PAYNE

BY _____
DEPUTY

| | | |
|---|---|---|
| DEBRA BUTLER & FRED BUTLER | § | 235TH DISTRICT COURT OF |
| Plaintiffs | § | |
| | § | |
| V. | § | |
| | § | |
| ROSE AMERICA CORPORATION, | § | COOKE COUNTY, TEXAS |
| D/B/A BMB TACK & TRACTOR | § | |
| SUPPLY COMPANY, TSC INDUSTRIES, | § | |
| INC. TRACTOR SUPPLY CO. OF TEXAS | § | |
| LP, & TRACTOR SUPPLY COMPANY OF | § | |
| GAINESVILLE, TEXAS all D/B/A | § | |
| TRACTOR SUPPLY | § | 235TH JUDICIAL DISTRICT |

## DEFENDANT TRACTOR SUPPLY COMPANY'S ORIGINAL ANSWER

TO SAID HONORABLE COURT:

Tractor Supply Company ("Tractor Supply"), one of the Defendants herein, submits the following Original Answer, showing to the Court as follows:

### SPECIAL EXCEPTIONS

#### I.

Tractor Supply specially excepts to Plaintiffs' allegation that Plaintiffs have been damaged in an amount "in excess of the minimum jurisdictional limits of the Court." Per Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs should be directed to specify the maximum amount claimed.

#### II.

Defendant Tractor Supply further specially excepts to Plaintiffs' Original Petition in its entirety because it fails to allege sufficient facts to support any recovery against Tractor Supply, an alleged non-manufacturing seller of a product. Plaintiffs admit that Tractor Supply did not alter the allegedly defective product. Pursuant to the provisions of Section 82.003 of the Texas Civil Practice

and Remedies Code, Tractor Supply has no liability to Plaintiffs as a matter of law, and upon Plaintiffs' failure to replead a viable cause of action, should be dismissed from this suit.

## GENERAL DENIAL

### III.

Subject to such stipulations and admissions as may be hereafter made, Tractor Supply hereby enters a general denial as to all claims and causes of action asserted against it, as is permitted by Rule 92 of the Texas Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

### IV.

Tractor Supply is alleged to be the non-manufacturing seller of the product in question. Pursuant to the provisions of Section 82.003 of the Texas Civil Practice and Remedies Code, Tractor Supply is not liable to Plaintiffs.

### V.

Pleading further, and in the alternative, Tractor Supply alleges that Debra Butler's failure to exercise ordinary care proximately caused or proximately contributed to cause the occurrence, injuries, and damages alleged in the pleadings. Pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code, Butler's percentage of responsibility causing or contributing to cause in any way the harm for which recovery of damages is sought should be assessed by the trier of fact, and any damages awarded should be reduced accordingly.

### VI.

Pleading further, and in the alternative, Tractor Supply alleges that the conduct (including negligent conduct) of others for whom it is not responsible, proximately caused or proximately contributed to cause the occurrence, injuries, and damages alleged in the pleadings. Pursuant to the

provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, the percentage of responsibility of others whose conduct proximately caused or proximately contributed to cause in any way the harm for which recovery of damages is sought should be assessed by the trier of fact, with any damages ultimately awarded reduced accordingly.

### VII.

Pleading further, and in the alternative, Tractor Supply alleges that all or a portion of the Plaintiffs' claims and causes action are barred by limitations.

### VIII.

Pleading further, and in the alternative, Tractor Supply alleges the defense of assumption of the risk.

### IX.

Pleading further, and in the alternative, Tractor Supply alleges the defense of act of God/Nature.

### X.

Pleading further, and in the alternative, Tractor Supply alleges that a new and independent cause, not reasonably foreseeable, and of a separate and independent agency, produced the occurrence, injuries and damages alleged, and thereby was the immediate cause of such occurrence, injuries and damages.

### XII.

Pleading further, and in the alternative, Tractor Supply alleges that the acts or omissions of other parties and instrumentalities, over whom it had no control and over which it exercised no control, proximately caused, proximately contributed to cause, and/or constitute the sole proximate cause of the occurrence, injuries, and damages alleged in the pleadings.

## RESERVATION OF RIGHT TO AMEND

### XII.

Pursuant to Rule 63 of the Texas Rules of Civil Procedure, Tractor Supply respectfully requests and reserves the right to amend this pleading.

### PRAYER

For the above reasons, Tractor Supply, Inc. prays that its special exceptions be sustained, that upon final hearing judgment be rendered that the Plaintiffs recover nothing of and from it, for all of the relief set forth in this pleading, for all costs of court, and for any other relief to which it may be entitled.

Respectfully submitted,

BISHOP & HUMMERT
A Professional Corporation

BY: _____
E. Thomas Bishop
State Bar No. 02354800
C. Douglas Calvert
State Bar No. 03667500
1600 Premier Place
5910 N. Central Expressway
Dallas, TX  75206
Telephone:  (214) 987-8181
Facsimile: (214) 987-8180

ATTORNEYS FOR DEFENDANT
TRACTOR SUPPLY COMPANY

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon

Michael J. Whitten, The Whitten Law Firm, P.C., 218 N. Elm Street, Denton, TX 75201 on this

_26_<sup>th</sup> day of January, 2007.


_____

E. THOMAS BISHOP

CAUSE NO. 07-001

FILED IN DISTRICT COURT
COOKE COUNTY, TEXAS
2007 JAN 29 PM 2: 10
DIST. CLERK-PAT PAYNE
BY
DEPUTY

| | | |
|---|---|---|
| DEBRA BUTLER & FRED BUTLER | § | IN THE DISTRICT COURT |
| Plaintiffs | § | |
| | § | |
| v. | § | |
| | § | |
| ROSE AMERICA CORPORATION, | § | COOKE COUNTY, TEXAS |
| D/B/A BMB TACK & TRACTOR | § | |
| SUPPLY COMPANY, TSC INDUSTRIES, | § | |
| INC. TRACTOR SUPPLY CO. OF TEXAS | § | |
| LP, & TRACTOR SUPPLY COMPANY OF | § | |
| GAINESVILLE, TEXAS all D/B/A | § | |
| TRACTOR SUPPLY | § | 235TH JUDICIAL DISTRICT |

## DEFENDANT TSC INDUSTRIES, INC.'S ORIGINAL ANSWER

TO SAID HONORABLE COURT:

TSC Industries, Inc. ("TSC"), one of the Defendants herein, submits the following Original

Answer, showing to the Court as follows:

### SPECIAL EXCEPTIONS

#### I.

TSC specially excepts to Plaintiffs' allegation that Plaintiffs have been damaged in an

amount "in excess of the minimum jurisdictional limits of the Court." Per Rule 47 of the Texas

Rules of Civil Procedure, Plaintiffs should be directed to specify the maximum amount claimed.

#### II.

Defendant TSC further specially excepts to Plaintiffs' Original Petition in its entirety because

it fails to allege sufficient facts to support any recovery against TSC, an alleged non-manufacturing

seller of a product. Plaintiffs admit that TSC did not alter the allegedly defective product. Pursuant

to the provisions of Section 82.003 of the Texas Civil Practice and Remedies Code, TSC has no

liability to Plaintiffs as a matter of law, and upon Plaintiffs' failure to replead a viable cause of action, should be dismissed from this suit.

## III.

Further, TSC specially excepts to Plaintiffs' Original Petition on the grounds that no facts are alleged against it by which it could be found liable to Plaintiffs.  TSC does not now, and did not at the time of Plaintiffs' alleged injuries, conduct any business.  Specifically, it did not own, operate or control in any way the retail store identified by Plaintiffs.  Plaintiffs' allegations against TSC should be stricken, and upon Plaintiffs' failure to amend to state a viable cause of action, TSC should be dismissed from this suit.

## GENERAL DENIAL

## IV.

Subject to such stipulations and admissions as may be hereafter made, TSC hereby enters a general denial as to all claims and causes of action asserted against it, as is permitted by Rule 92 of the Texas Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

## V.

TSC is alleged to be the non-manufacturing seller of the product in question.  Pursuant to the provisions of Section 82.003 of the Texas Civil Practice and Remedies Code, TSC is not liable to Plaintiffs.

## VI.

Pleading further, and in the alternative, TSC alleges that Debra Butler's failure to exercise ordinary care proximately caused or proximately contributed to cause the occurrence, injuries, and damages alleged in the pleadings.  Pursuant to Chapter 33 of the Texas Civil Practice and Remedies

Code, Butler's percentage of responsibility causing or contributing to cause in any way the harm for which recovery of damages is sought should be assessed by the trier of fact, and any damages awarded should be reduced accordingly.

## VII.

Pleading further, and in the alternative, TSC alleges that the conduct (including negligent conduct) of others for whom it is not responsible, proximately caused or proximately contributed to cause the occurrence, injuries, and damages alleged in the pleadings. Pursuant to the provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, the  percentage of responsibility of others whose conduct proximately caused or proximately contributed to cause in any way the harm for which recovery of damages is sought should be assessed by the trier of fact, with any damages ultimately awarded reduced accordingly.

## VIII.

Pleading further, and in the alternative, TSC alleges that all or a portion of the Plaintiffs' claims and causes action are barred by limitations.

## IX.

Pleading further, and in the alternative, TSC alleges the defense of assumption of the risk.

## X.

Pleading further, and in the alternative, TSC alleges the defense of act of God/Nature.

## XI.

Pleading further, and in the alternative, TSC alleges that a new and independent cause, not reasonably foreseeable, and of a separate and independent agency, produced the occurrence, injuries and damages alleged, and thereby was the immediate cause of such occurrence, injuries and damages.

## XII.

Pleading further, and in the alternative, TSC alleges that the acts or omissions of other parties and instrumentalities, over whom it had no control and over which it exercised no control, proximately caused, proximately contributed to cause, and/or constitute the sole proximate cause of the occurrence, injuries, and damages alleged in the pleadings.

## RESERVATION OF RIGHT TO AMEND

## XIII.

Pursuant to Rule 63 of the Texas Rules of Civil Procedure, TSC respectfully requests and reserves the right to amend this pleading.

## PRAYER

For the above reasons, TSC Industries, Inc. prays that its special exceptions be sustained, that upon final hearing judgment be rendered that the Plaintiffs recover nothing of and from it, for all of the relief set forth in this pleading, for all costs of court, and for any other relief to which it may be entitled.

Respectfully submitted,

BISHOP & HUMMERT
A Professional Corporation

BY: _____
      E. Thomas Bishop
      State Bar No. 02354800
      C. Douglas Calvert
      State Bar No. 03667500
      1600 Premier Place
      5910 N. Central Expressway
      Dallas, TX  75206
      Telephone:  (214) 987-8181
      Facsimile: (214) 987-8180

ATTORNEYS FOR DEFENDANT
TSC INDUSTRIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon

Michael J. Whitten, The Whitten Law Firm, P.C., 218 N. Elm Street, Denton, TX 75201 on this

26 day of January, 2007.

_____
E. THOMAS BISHOP

CAUSE NO. 07-001

FILED IN DISTRICT COURT
COOKE COUNTY, TEXAS

2007 JAN 29   PM 2:10

DIST. CLERK-PAT PAYNE

BY
DEPUTY

| | |
|---|---|
| DEBRA BUTLER & FRED BUTLER §<br>Plaintiffs §<br> §<br> §<br>v. §<br> §<br>ROSE AMERICA CORPORATION, §<br>D/B/A BMB TACK & TRACTOR §<br>SUPPLY COMPANY, TSC INDUSTRIES, §<br>INC. TRACTOR SUPPLY CO. OF TEXAS §<br>LP, & TRACTOR SUPPLY COMPANY OF §<br>GAINESVILLE, TEXAS all D/B/A §<br>TRACTOR SUPPLY § | IN THE DISTRICT COURT OF<br><br>COOKE COUNTY, TEXAS<br><br><br><br>235TH JUDICIAL DISTRICT |

## DEFENDANT TRACTOR SUPPLY COMPANY
## OF TEXAS, LP'S ORIGINAL ANSWER

TO SAID HONORABLE COURT:

Tractor Supply Company of Texas, LP ("Tractor Supply - Texas"), one of the Defendants

herein, submits the following Original Answer, showing to the Court as follows:

### SPECIAL EXCEPTIONS

### I.

Tractor Supply - Texas specially excepts to Plaintiffs' allegation that Plaintiffs have been

damaged in an amount "in excess of the minimum jurisdictional limits of the Court." Per Rule 47

of the Texas Rules of Civil Procedure, Plaintiffs should be directed to specify the maximum amount

claimed.

### II.

Defendant Tractor Supply - Texas further specially excepts to Plaintiffs' Original Petition

in its entirety because it fails to allege sufficient facts to support any recovery against Tractor Supply

- Texas, an alleged non-manufacturing seller of a product.  Plaintiffs admit that Tractor Supply -

Texas did not alter the allegedly defective product.  Pursuant to the provisions of Section 82.003 of

the Texas Civil Practice and Remedies Code, Tractor Supply - Texas has no liability to Plaintiffs as a matter of law, and upon Plaintiffs' failure to replead a viable cause of action, should be dismissed from this suit.

### GENERAL DENIAL

### III.

Subject to such stipulations and admissions as may be hereafter made, Tractor Supply - Texas hereby enters a general denial as to all claims and causes of action asserted against it, as is permitted by Rule 92 of the Texas Rules of Civil Procedure.

### AFFIRMATIVE DEFENSES

### IV.

Tractor Supply - Texas is alleged to be the non-manufacturing seller of the product in question. Pursuant to the provisions of Section 82.003 of the Texas Civil Practice and Remedies Code, Tractor Supply - Texas is not liable to Plaintiffs.

### V.

Pleading further, and in the alternative, Tractor Supply - Texas alleges that Debra Butler's failure to exercise ordinary care proximately caused or proximately contributed to cause the occurrence, injuries, and damages alleged in the pleadings. Pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code, Butler's percentage of responsibility causing or contributing to cause in any way the harm for which recovery of damages is sought should be assessed by the trier of fact, and any damages awarded should be reduced accordingly.

### VI.

Pleading further, and in the alternative, Tractor Supply - Texas alleges that the conduct (including negligent conduct) of others for whom it is not responsible, proximately caused or

proximately contributed to cause the occurrence, injuries, and damages alleged in the pleadings. Pursuant to the provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, the percentage of responsibility of others whose conduct proximately caused or proximately contributed to cause in any way the harm for which recovery of damages is sought should be assessed by the trier of fact, with any damages ultimately awarded reduced accordingly.

## VII.

Pleading further, and in the alternative, Tractor Supply - Texas alleges that all or a portion of the Plaintiffs' claims and causes action are barred by limitations.

## VIII.

Pleading further, and in the alternative, Tractor Supply - Texas alleges the defense of assumption of the risk.

## IX.

Pleading further, and in the alternative, Tractor Supply - Texas alleges the defense of act of God/Nature.

## X.

Pleading further, and in the alternative, Tractor Supply - Texas alleges that a new and independent cause, not reasonably foreseeable, and of a separate and independent agency, produced the occurrence, injuries and damages alleged, and thereby was the immediate cause of such occurrence, injuries and damages.

## XI.

Pleading further, and in the alternative, Tractor Supply - Texas alleges that the acts or omissions of other parties and instrumentalities, over whom it had no control and over which it

exercised no control, proximately caused, proximately contributed to cause, and/or constitute the sole proximate cause of the occurrence, injuries, and damages alleged in the pleadings.

## RESERVATION OF RIGHT TO AMEND

### XII.

Pursuant to Rule 63 of the Texas Rules of Civil Procedure, Tractor Supply - Texas respectfully requests and reserves the right to amend this pleading.

### PRAYER

For the above reasons, Tractor Supply Co. of Texas, L.P. prays that its special exceptions be sustained, that upon final hearing judgment be rendered that the Plaintiffs recover nothing of and from it, for all of the relief set forth in this pleading, for all costs of court, and for any other relief to which it may be entitled.

Respectfully submitted,

BISHOP & HUMMERT
A Professional Corporation


BY: _____
E. Thomas Bishop
State Bar No. 02354800
C. Douglas Calvert
State Bar No. 03667500
1600 Premier Place
5910 N. Central Expressway
Dallas, TX  75206
Telephone:  (214) 987-8181
Facsimile: (214) 987-8180

ATTORNEYS FOR DEFENDANT
TRACTOR SUPPLY COMPANY
OF TEXAS LP

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon

Michael J. Whitten, The Whitten Law Firm, P.C., 218 N. Elm Street, Denton, TX 75201 on this

_26th_ day of January, 2007.


_____
E. THOMAS BISHOP

CAUSE NO. 07-001

FILED IN DISTRICT COURT
COOKE COUNTY, TEXAS

2007 JAN 29 PM 2: 11

DIST. CLERK-PAT PAYNE

DEPUTY

| | | |
|---|---|---|
| DEBRA BUTLER & FRED BUTLER | § | IN THE DISTRICT COURT OF |
| Plaintiffs | § | |
| | § | |
| v. | § | COOKE COUNTY, TEXAS |
| | § | |
| ROSE AMERICA CORPORATION, | § | |
| D/B/A BMB TACK & TRACTOR | § | |
| SUPPLY COMPANY, TSC INDUSTRIES, | § | |
| INC. TRACTOR SUPPLY CO. OF TEXAS | § | |
| LP, & TRACTOR SUPPLY COMPANY OF | § | |
| GAINESVILLE, TEXAS all D/B/A | § | |
| TRACTOR SUPPLY | § | 235TH JUDICIAL DISTRICT |

## DEFENDANT TRACTOR SUPPLY COMPANY
## OF GAINESVILLE, TEXAS' MOTION TO QUASH

TO SAID HONORABLE COURT:

Tractor Supply Company of Gainesville, Texas, a named Defendant, respectfully submits the

following Motion to Quash:

### I.

On or about January 2, 2007, the Plaintiffs filed their Original Petition in this Court, alleging

the following:

> "Defendant Tractor Supply of Gainesville is an entity or assumed name having its
> principal place of business at 1700 N. Grand Avenue, Gainesville, Texas, 76240,
> where citation may be served upon its manager."

Thereafter, Plaintiffs requested that Citation be issued and served upon any person designated

as "manager" at the above location.

### II.

The Citation for and service upon Tractor Supply of Gainesville should be quashed for the

threshold reason that they are based upon defective jurisdictional allegations in Plaintiffs' Original

Petition. Tractor Supply of Gainesville is neither an entity nor an assumed name. Further, service upon an unidentified "manager" is improper and contrary to the requirements of the Texas Rules of Civil Procedure.

### III.

Plaintiffs' Original Petition identifies three Tractor Supply entities as purported Defendants. Two of the entities are identified as corporations. One is identified as a limited partnership. Tractor Supply of Gainesville is identified only as "an entity or assumed name." The allegations of what it is are insufficient, and the corresponding service that was ultimately effectuated is deficient.

### IV.

When a corporation is identified as a defendant, service is proper only upon the president, vice president, or registered agent. When a partnership is identified, service is proper only upon the individual partners or a registered agent. A proper pleading must allege more than simply stating that a defendant is an "entity or assumed name," as does the Plaintiffs' Original Petition. The reason is simple: until the entity is correctly described (as a sole proprietorship, partnership, corporation or individual), the determination of *who* must be served cannot properly be made. Because Plaintiffs core allegations were deficient, the Citation and service of process were also deficient.

### V.

Finally, Plaintiffs' Original Petition and the Citation issued for Tractor Supply of Gainesville fails to identify, by name, the "manager" or person to be served with process. For this reason as well, the Citation and service were and are defective on their face, and should be quashed.

## PRAYER

WHEREFORE, Tractor Supply of Gainesville prays that the Court grant this Motion and quash the Citation and service upon it.

Respectfully submitted,

BISHOP & HUMMERT
A Professional Corporation

BY: _____

    E. Thomas Bishop
    State Bar No. 02354800
    C. Douglas Calvert
    State Bar No. 03667500
    1600 Premier Place
    5910 N. Central Expressway
    Dallas, TX  75206
    Telephone:  (214) 987-8181
    Facsimile: (214) 987-8180

ATTORNEYS FOR DEFENDANT
TRACTOR SUPPLY COMPANY
OF GAINESVILLE, TEXAS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record herein on this _26_ day of January, 2007.

_____
E. THOMAS BISHOP

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DEBRA BUTLER & FRED BUTLER | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | CIVIL ACTION |
| | § | |
| ROSE AMERICA CORPORATION, | § | NO. _____ |
| D/B/A BMB TACK & TRACTOR | § | |
| SUPPLY COMPANY, TSC INDUSTRIES, | § | JURY |
| INC. TRACTOR SUPPLY CO. OF TEXAS | § | |
| LP, & TRACTOR SUPPLY COMPANY OF | § | |
| GAINESVILLE, TEXAS all D/B/A | § | |
| TRACTOR SUPPLY | § | |

**SUPPLEMENTAL INFORMATION REQUIRED BY LOCAL RULE CV-81**

A.   Style of case in State Court - Debra Butler & Fred Butler v. Rose America Corporation, d/b/a BMB Tack & Tractor Supply Company, TSC Industries, Inc. Tractor Supply of Texas LP, & Tractor Supply Company of Gainesville, Texas all d/b/a Tractor Supply, Cause No. 07-001 in the 235th District Court of Cooke County, Texas.

B.   Jury request in state court -  A jury was demanded by Plaintiff.

C.   1.   List of all parties, their party type, and current status of removed case.

Plaintiffs - Debra and Fred Butler.

Defendants - Rose America Corporation, d/b/a BMB Tack & Tractor Supply Company, TSC Industries, Inc. Tractor Supply of Texas LP, & Tractor Supply Company of Gainesville, Texas d/b/a Tractor Supply.

2.   Current status of removed case - pending.

3.   Certified Copy of State Court Docket Sheet, and copies of all pleadings, answers, process and orders.

Attached as ***Exhibit "B"*** to the Notice of Removal.

4.   Civil Cover Sheet - Supplied.

5.      Complete list of attorneys -

      Plaintiffs -    Michael J. Whitten
                     State Bar No. 21392000
                     The Whitten Law Firm
                     218 North Elm
                     Denton, TX 76201
                     Telephone:  972-434-3833

      Defendants -  E. Thomas Bishop
                     State Bar No. 02354800
                     C. Douglas Calvert
                     State Bar No. 03667500
                     Bishop & Hummert, P.C.
                     5910 N. Central Expressway
                     1600 Premier Place
                     Dallas, TX 75206
                     Telephone: 214-987-8181

6.      Parties that have requested trial by jury - Plaintiffs

7.      Name and address of Court from which case is being removed -

      235th Judicial District Court
      Cooke County Courthouse
      100 S. Dixon
      Gainesville, TX 76240